IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MACK HENRY LOTT,

Plaintiff,

v.

CIVIL ACTION NO.: CV511-026

BARRY GOODRICH, Warden;
CO HOBBS; CO LOLLY;
Dr. ESMAIL; PEGGY ANN
COOPER, Warden of Care and
Treatment; MICHAEL WOODS;
and Ms. MOORE, Medical Director,

Defendants.

## MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at the Coffee Correctional Facility in Nicholls, Georgia, filed an action pursuant to 42 U.S.C. § 1983. A detainee proceeding against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. Plaintiff was granted leave of the Court by Order dated March 24, 2011, to proceed in forma pauperis in this action.

A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision of the PLRA "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998).

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions which were dismissed and count as strikes under § 1915(g): (1) Lott v. Barrett, 1:02CV141 (N.D. Ga. Feb. 19, 2002) (dismissed as frivolous); (2) Lott v. Baldwin, 1:03CV2785 (N.D. Ga. Oct. 30, 2003) (dismissed as frivolous); and (3) Lott v. Barrett, 1:01CV3471 (N.D. Ga. March 5, 2002) (dismissed as frivolous).

The Eleventh Circuit upheld the constitutionality of section 1915(g) in Rivera. In so doing, the Court concluded that section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721-27. Because Plaintiff has filed three previously dismissed cases which qualify as strikes under section 1915(g), Plaintiff may not proceed in forma pauperis in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to § 1915(g).

Plaintiff cannot claim that he should be excused from prepaying the filing fee because of the "imminent danger of serious physical injury" exception to § 1915(g). In order to come within the imminent danger exception, the inmate must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). "[A] prisoner's allegation that he faced imminent danger sometime in the

AO 72A
(Rev. 8/82)

2

past is an insufficient basis to allow him to proceed *in forma pauperis* pursuant to the imminent danger exception to the statute." Id. Plaintiff asserts Defendant Goodrich failed to select officers trained in use of force procedures. Plaintiff states Defendant Hobbs used excessive force in subduing Plaintiff, and that Defendant Lolly did not come to Plaintiff's aid. Plaintiff has not shown that he was in imminent danger of serious physical injury at the time he filed his Complaint.

Accordingly, the Court **VACATES** its March 24, 2011, Order. Plaintiff's request to proceed in forma pauperis is **DENIED**, and this case should be **DISMISSED**. If Plaintiff wishes to proceed with this action, he should be required to resubmit his complaint along with the full filing fee.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 14th day of April, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE